**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Johnnie DENTMAN, Defendant—
Appellant.**

**No. 01–50581.**

**D.C. No. CR–01–00077–NM–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Johnnie Dentman appeals his 24–month sentence for trafficking in and production of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1), and fraudulent trafficking in and possession of device-making equipment in violation of 18 U.S.C. § 1029(a)(4). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Dentman contends that the district court erred by ruling that credit card account numbers found on a laptop in Dentman's garage constitute relevant conduct under § 1B1.3(a)(2) of the United States Sentencing Guidelines and by including the actual fraudulent losses to those accounts in the total loss for sentencing. We review for clear error the district court's determination whether uncharged conduct is relevant for sentencing purposes under § 1B1.3(a)(2). *United States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992).

In determining the loss attributable to a defendant, the sentencing court must consider a defendant's relevant conduct. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.3 (2001). Extraneous acts must be considered in the calculation of loss for groupable offenses like Dentman's if they "were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). To be considered part of a common scheme or plan, the offense of conviction and the extraneous acts "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.*" U.S.S.G. § 1B1.3, cmt. n. 9. To be considered part of the same course of conduct, the offense of conviction and the extraneous acts must be "sufficiently connected or related to each other as to warrant the conclusion that they are part of a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

single episode, spree, or ongoing series of offenses." *Id.* In determining whether uncharged conduct meets one of these standards, the district court should consider the "similarity, regularity, and temporal proximity" of the uncharged conduct to the charged conduct. *Hahn,* 960 F.2d at 910. All three factors need not be present for conduct to be considered relevant for sentencing purposes; "[w]hen one component is absent ... courts must look for a stronger presence of at least one of the other components." *Id.*

The district court did not clearly err in ruling that the account numbers found on the laptop computer constituted relevant conduct under § 1B1.3(a)(2). *Id.* The filing of credit card numbers on the laptop evinces a *modus operandi* identical to Dentman's charged conduct; Dentman admitted that in producing the fake credit cards, he used the computer to download and store numbers obtained from skimmers. The sheer volume of account numbers found on the computer is sufficient to support the district court's conclusion that the laptop numbers were part of an ongoing and regular series of offenses. Although there is limited evidence regarding when Dentman obtained the numbers on the laptop (i.e., temporal proximity), that deficiency is outweighed by the strong evidence of similarity and regularity. The district court did not clearly err in ruling that the credit card numbers on the laptop computer constitute relevant conduct.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.